# STATE OF FLORIDA DEPARTMENT OF TRANSPORTATION v PINE GROVE PROPERTIES, INC.

## Case No. 86-864-CA

Eighth Judicial Circuit, Alachua County

June 29, 1988

### APPEARANCES OF COUNSEL

**J. Christy Wilson, III, Brigham Moore Gaylord Wilson Ulmer Schuster & Sachs,** for defendants.

### OPINION OF THE COURT

NATH C. DOUGHTIE, Circuit Judge.

### *ORDER ON PETITIONER'S MOTION IN LIMINE FOR METHOD OF VALUATION*

The Defendants' Motion was before the court upon presentation of memorandum of law by the parties.

The question before the Court is how to value the taking of a parcel of property which has been designated as a buffer to an existing cemetery.

The Defendant owns and operates a cemetery which is part of a

planned unit development. In order to obtain proper zoning approval for the planned unit development, it was necessary for the cemetery owner to set aside a fifty-foot buffer between the cemetery proper and Northwest 39th Avenue. A brick wall was built along the cemetery side of the fifty-foot buffer. The Department of Transportation has by Eminent Domain taken part of this buffer area as part of its widening of 39th Avenue. Obviously, the few feet that are taken could not be put to any real use and, therefore, the value must be considered in its relation to the entire tract. This has been referred to as the "step rule".

The Petitioner argues that since the zoning restrictions require a fifty-foot buffer, then the proper method of valuation for the property taken should be something other than cemetery use. The Petitioner suggests residential use as the proper method of valuation. In reality, of course, the configuration of the property would prevent houses from being built in this narrow fifty-foot wide buffer zone. If the Defendants did wish to attempt to build residences in the buffer zone, then it would be necessary to widen the buffer into existing cemetery property and, thus the Defendant would lose cemetery land.

Another way of analyzing the situation would be that by taking a strip on the south side of the buffer, the Defendant would be forced to move the north side of the buffer into his cemetery plots, thus depriving him of the use of the land as cemetery plots. In point of fact, however, the City of Gainesville has agreed not to require a relocation of the buffer area so the Defendant is not in reality losing land upon which burial sites could be located. That fact is viewed by this Court as immaterial considering the overall layout of the property in question.

In considering both examples set forth above, it can be seen that the Defendants' cemetery property has been either taken or squeezed in by the widening of 39th Avenue.

Accordingly, the Petitioners' Motion in Limine is DENIED.

DONE and ORDERED in Chambers at Gainesville, Alachua County, Florida, this 29th day of June, 1988.